IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN J. BERRY,<br>AIS #292641,<br><br>    Plaintiff,<br><br> v.<br><br>LARRY ANDERSON, et al.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 1:16-CV-850-MHT<br>)<br>)<br>)<br>) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by Jonathan J. Berry ("Berry"), an indigent state inmate currently participating in the Houston County Community Corrections Program. In the instant complaint, Berry challenges the constitutionality of sentences imposed upon him by the Circuit Court of Houston County, Alabama for convictions on three counts of distribution of a controlled substance and his continued confinement on these sentences.[1] Berry names Larry Anderson, the sentencing judge, Doug Valeska, the District Attorney for Houston County, and Dustin Byrd, the attorney who represented him in the state criminal proceedings, as defendants in this cause of action. Berry seeks a reduction in his sentences and monetary damages.

---

[1] The trial court sentenced Berry on December 3, 2013. *Doc. No. 1* at 5.

Upon review of the complaint, the court concludes that this case is due to be dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).[2]

## II.  DISCUSSION

### A.  Judge Larry Anderson

Berry alleges that Judge Anderson violated his constitutional rights with respect to the sentences imposed upon him on December 3, 2013.  Berry further argues that his current incarceration on the aforementioned sentences is improper.  The claims against Judge Anderson entitle Berry to no relief in this cause of action.

1. The Request for Monetary Damages.  All of the allegations made by Berry against Judge Anderson emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction.  The law is well settled that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988*); Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  In light of the foregoing, Berry's claims for monetary damages against Judge Larry Anderson are "based on an indisputably meritless legal theory" and are therefore due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2. Request for Declaratory/Injunctive Relief from State Court Action.  To the extent Berry seeks declaratory and/or injunctive relief from sentencing orders issued by Judge Anderson which

---

[2]This court granted Berry leave to proceed *in forma pauperis* on November 30, 2016.  *Doc. No. 6*.  A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Berry from proceeding before the court as this case, with respect to any claims challenging a final order issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201. Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that summary dismissal of any requests seeking declaratory or injunctive relief from the 2013 sentencing orders issued by Judge Anderson in Berry's criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke*, 490 U.S. at 327.

### B.  District Attorney Doug Valeska

The law is well-settled that "a prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Buckley v. Fitzsimmons*,

509 U.S. 259, 273 (1993); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate."); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (In a § 1983 action, "the immunity that the law grants prosecutors [for actions intimately associated with initiation, prosecution and punishment in a criminal case] is 'absolute.'"); *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976) ("[A] prosecutor enjoys absolute immunity from § 1983 suits for damages when he acts within the scope of his prosecutorial duties."); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."). The absolute immunity afforded prosecutors protects against "impair[ing] the performance of a central actor in the judicial process." *Malley v. Briggs*, 475 U.S. 335, 343 (1986). Absolute immunity from § 1983 liability is afforded to all conduct of a prosecutor that is "intimately associated with the judicial phase of the criminal process," which includes representing the State's interests during the sentencing phase of the process. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430-431).

The claims presented by Berry relate solely to actions undertaken by District Attorney Valeska while he engaged in activities intimately associated with the judicial phase of the criminal process, conduct for which Valeska is entitled to absolute immunity. *Buckley*, 509 U.S. at 273; *Burns*, 500 U.S. at 493. Thus, Berry's claims against District Attorney Valeska are due to be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). In addition, Berry is entitled to no declaratory or injunctive relief against defendant Valeska for any alleged adverse action related to the sentences imposed upon him by the Circuit Court of Houston County, Alabama. *See supra* at 2-3; *see also infra* at 5-7.

### C. Attorney Dustin Byrd

Berry complains that his attorney, Dustin Byrd, violated his constitutional right to effective representation when he failed to ensure proper sentencing on the controlled substance convictions. In accordance with applicable federal law, this allegation entitles Berry to no relief from this court under 42 U.S.C. § 1983.

An essential element of a § 1983 action is that a person acting under color of state law committed the asserted constitutional deprivation. *American Manufacturers Mutual Ins. Company v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993).

> To state a [viable] claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. . . . [T]he under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948)). . . . [Consequently,] state action requires ***both*** an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," ***and*** that "the party charged with the deprivation must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)."

*American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985 (footnote omitted) (emphasis in original).

The law is well settled that an attorney who represents an individual does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312 (1981); *see also, Mills v. Criminal District Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Since

5

the conduct about which Berry complains was not committed by a person acting under color of state law, the § 1983 claims presented against defendant Byrd lack an arguable basis in law and are therefore subject to summary dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### D. The Challenge to Plaintiff's Sentences and Confinement

Berry alleges that the trial court sentenced him in violation of his constitutional rights by imposing sentences above the range recommended in the state guidelines. *Doc. No. 1* at 5. Berry requests a reduction in his sentence and monetary damages for time served beyond the guideline sentence. The improper sentence claim goes to the fundamental legality of Berry's sentence and his current incarceration on such sentence. Consequently, Berry is entitled to no relief on this claim. *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a prisoner's confinement are not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. *Heck*, 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Heck*, 512 U. S. at 487; *Balisok*, 520 U.S. at 648 (inmate's claims for declaratory relief, injunctive relief or monetary damages which "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). The rule of *Heck* is therefore not limited to a request for damages but is equally applicable to an inmate's request for declaratory judgment or injunctive relief. *Balisok*, *supra*. "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes

allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003), citing *Balisok*, 520 U.S. at 646-648.

The law is well settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481; *Balisok*, 520 U.S. at 645 (The "sole remedy in federal court" for a prisoner challenging the constitutionality of incarceration on a sentence of a state court is a petition for writ of habeas corpus.); *Okoro*, 324 F.3d at 490 (*Heck* directs that a state inmate "making a collateral attack on [the basis for his incarceration] . . . may not do that in a civil suit, other than a suit under the habeas corpus statute."). An inmate "cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus." *Jones v. Watkins*, 945 F.Supp. 1143, 1151 (N.D. Ill. 1996); *Berry v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996) (Under *Heck*, "[t]he [determinative] issue . . . is not the relief sought, but the ground of the challenge."); *Cook v. Baker, et al.*, 139 F. App'x 167, 169 (11th Cir. 2005) (The "exclusive remedy" for a state inmate's claim challenging the basis for or validity of his incarceration "is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254[.]"). In *Balisok*, the Supreme Court emphasized "that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." 520 U.S. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Berry's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his sentence. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who

has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, the claim presented by Berry challenging the constitutionality of his sentences whereby he seeks a reduction of such sentences is not cognizable in this cause of action and is therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against Judge Larry Anderson and District Attorney Doug Valeska for declaratory and injunctive relief with respect to sentencing orders issued in criminal proceedings before the Circuit Court of Houston County, Alabama be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims against Judge Larry Anderson and District Attorney Doug Valeska for monetary damages be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

3. The plaintiff's claims against Dustin Byrd be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

4. The plaintiff's challenges to the constitutionality of the sentences imposed upon him by the Circuit Court of Houston County, Alabama on December 3, 2013 for three counts of distribution of a controlled substance and his resulting incarceration on these sentences be dismissed without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court in this cause of action.

5.  This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

It is further

ORDERED that on or before December 16, 2016 the plaintiff may file objections to the Recommendation. The plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the plaintiff to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 1st day of December, 2016.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE